```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

BERNARD FUNK, a/k/a David R. Funk,

          Plaintiff,

vs.   Case No. 2:07-cv-318-FtM-29DNF

FNU WASHBURN, F.D.O.C. Correctional Officer,

          Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court upon review of Plaintiff's § 1983 Complaint (Doc. #1) and his motion to proceed *in forma pauperis*. (Docs. #2, #7.)

Plaintiff, who is proceeding *pro se* and currently in the custody of the Florida Department of Corrections, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 claiming violations of the Eighth Amendment and the Americans with Disabilities Act during his incarceration at Desoto Correctional Institution. Complaint at 1. On the Complaint, Plaintiff avers that he only filed an informal grievance and attaches a copy of that grievance. Id. at 2, 3. Plaintiff admits that he "made no further attempt to redress his claim." Id. Specifically, Plaintiff explains that after his informal grievance was denied, he "took no further grievance procedure steps for personal fear of reprisal from within the institution (Desoto CI), as well as the Florida Department of Corrections as a whole." Id. at 3.

The Prison Litigation Reform Act ("PLRA") requires the Court to determine whether this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings.  See 28 U.S.C. § 1915(e)(2).

The application of an affirmative defense such as absolute immunity, *res judicata*, collateral estoppel, the expiration of the statute of limitations or failure to exhaust administrative remedies are examples that warrant a *sua sponte* dismissal by the court for failure to state a claim if these affirmative defenses appear on the face of the complaint. Jones v. Bock, 549 U.S. ___, 127 S. Ct. 910, 920-923 (Jan. 22, 2007); Clark v. Georgia Pardons & Parole Bd., 915 F.2d 636 (11th Cir. 1990).  Here, upon review of the Complaint it is apparent that the Complaint fails to state a claim.  Significantly, the PLRA, provides:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted***.

42 U.S.C. § 1997e(a)(emphasis added).

The PLRA's exhaustion requirement has three main purposes: (1) to "eliminate unwarranted federal-court interference with the administration of prisons," Woodford v. NGO, 126 S. Ct. 2378, 2382 (2006)(citing Booth v. Churner, 532 U.S. 731, 739 (2001)); (2) "'to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case'," Id.; and (3) to "'reduce the quantity and improve the quality of prisoner suits.'" Id.

"[T]he PLRA exhaustion requirement requires **full** and **proper** exhaustion." Woodford, 126 S. Ct. at 2387 (emphasis added). In Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005), the Eleventh Circuit, noting the "policies favoring exhaustion," held that the PLRA contains a procedural default component where an inmate fails to avail himself in a timely fashion of the institution's administrative process. Id. at 1156. Thus, where an inmate's grievance is denied because he fails to timely fully pursue his administrative remedies, that inmate is barred from bringing a federal action on his claim since he cannot demonstrate full exhaustion of his remedies.

Additionally, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. Woodford, 126 S. Ct. at

2382; Porter v. Nussle, 534 U.S. 516 (2002); Booth, 532 U.S. at 741 (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief sought-- i.e. monetary damages--is available through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326); Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford, 126 S. Ct. at 2382; Booth v. Churner, 532 U.S. 731, 739 (2001). See also Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). Inmates, however, "are not required to specially plead or demonstrate exhaustion in their complaints." Jones, 127 S. Ct. at 921. Rather, pursuant to the PLRA, failure to exhaust administrative remedies is an affirmative defense. Id. When an affirmative defense is obvious from the face of a complaint or a court's records, it is not necessary to await the defendant's responsive pleading to raise the defense. Clark, 915 F.2d at 641 n.2. Rather, a court may properly *sua sponte* dismiss the complaint under these limited circumstances. See Miller v. Woodham, 2006 WL 955748 at *1 (11th Cir. Apr. 12, 2006).

Here, based upon the face of the Complaint, it is apparent that Plaintiff did not fully exhaust his available administrative remedies before he filed the above-captioned action. Plaintiff filed his Complaint on May 14, 2007, admitting that he only filed an informal grievance and that he did not pursue any further administrative remedies. Although Plaintiff explains that he did not exhaust his administrative remedies out of fear of reprisal, the exhaustion of administrative remedies is mandatory and not at the Court's discretion to waive. <u>Supra</u> at 2-4. Further, the Court takes judicial notice that the Florida Department of Corrections' exhaustion procedures provide an exception to the typical filing procedures when an inmate fears reprisal. Specifically, an inmate may bypass the filing of an informal and formal grievances and file emergency grievances, grievances of reprisal, and grievances of a sensitive nature directly with the Office of the Secretary. <u>See</u> Fla. Admin. Code, Chapter 33-103.007(6). Thus, it is apparent from the face of the Complaint that Plaintiff prematurely filed his Complaint, prior to exhausting his administrative remedies. Consequently, the Court will dismiss this action without prejudice for failure to state a claim.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiff's motion to proceed *in forma pauperis* (Doc. #2) is **DENIED**.

2.   Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

3.   The Clerk of Court shall: (1) terminate any pending motions; (2) enter judgment accordingly; (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __18th__ day of June, 2007.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record